IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REV. LARRY B. WILLIAMS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**REGINALD E. McKAMIE, SR.,** )<br>)<br>**Defendant.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 04-2516-KHV** |

## MEMORANDUM AND ORDER

Larry B. Williams brings suit against Reginald E. McKamie, Sr. alleging invasion of privacy by false light and common law invasion of privacy. Plaintiff seeks damages and attorneys' fees for the prosecution of this action. This matter comes before the Court on Defendant's Memorandum In Support Of Motion To Dismiss For Plaintiff's Failure To State A Claim (Doc. #8) filed March 28, 2005. For reasons set forth below, the Court overrules defendant's motion.

## Legal Standards

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts and views them in a light most favorable to plaintiffs. Zinermon v. Burch, 494 U.S. 113, 118 (1990). The Court makes all reasonable inferences in favor of plaintiff, and liberally construes the pleadings. Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927

F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on material elements that must be proved. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendant bears the burden to show that plaintiff cannot prove any set of facts which would entitle him to relief. See, e.g., Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998); Schrag v. Dinges, 788 F. Supp. 1543, 1552 (D. Kan. 1992).

## Factual Background

Plaintiff's complaint alleges the following facts:

During all relevant times, plaintiff, a licensed and ordained minister, served as pastor of the Eighth Street Baptist Church in Kansas City, Kansas. On March 13, 2002, police officers responded to a domestic disturbance call at plaintiff's residence and arrested him. The police department generated two documents from this arrest: a Kansas Standard Offense Report (a public record) and a Kansas Standard Arrest Report (a confidential document under K.S.A. § 45-221(a)(10) which can be disclosed only pursuant to district court order).

On October 17, 2002, defendant obtained the Kansas Standard Arrest Report and subsequently published it.[1] That same day, defendant authored a letter in which he discussed plaintiff's marital relationship and pastoral duties at the church. The letter included assertions which defendant knew to be false, including the following:

  A.   That the plaintiff battered his wife.
  B.   That plaintiff was convicted of the criminal offense of battery against his wife.

---

[1]   The complaint does not expressly state how or to whom defendant published the document.

      C.      That plaintiff was placed on probation for one year for battering his wife.
      D.      That the by-laws of the church require plaintiff to be the husband of one wife.
      E.      That being a social drinker is a violation of scripture, as plaintiff should have abstained from alcoholic beverages.
      F.      Nomination of unqualified person to the position of business administrator.

Complaint (Doc. #1) filed October 18, 2004 at 3. Defendant distributed the letter by U.S. mail to the church membership. Plaintiff suffered great pain, anguish, grief, severe emotional distress and economic damages as a result of defendant's actions.

On March 28, 2005, defendant filed this motion to dismiss for failure to state a claim upon which relief can be granted. Defendant argues that plaintiff's claims are barred by the statute of limitations. Specifically, defendant argues that plaintiff's claims are essentially claims for defamation, which must be brought within one year. Defendant also argues that even if a two-year statute of limitations applies, plaintiff filed his complaint one day too late.

## Analysis

### I.    Defamation: One-Year Statute Of Limitations Under K.S.A. § 60-514(a)

Defendant first argues that K.S.A. § 60-514(a) bars plaintiff's invasion of privacy claims. Section 60-514(a) provides a one-year statute of limitations for defamation actions. Defendant argues that plaintiff's claims for invasion of privacy are "essentially . . . actions for libel or slander."[2] Defendant's Memorandum (Doc. #8) ¶ 6. Defendant urges the Court to "look through form to substance," find that plaintiff's claims are causes of action for defamation and apply the one-year statute of limitations.

The Kansas Supreme Court has recognized that invasion of privacy and defamation are two

---

[2]    Defamation includes both libel and slander. Luttrell v. United Tel. Sys., Inc., 9 Kan. App.2d 620, 620, 683 P.2d 1292, 1292 (1984).

-3-

separate torts. See, e.g., Dominguez v. Davidson, 266 Kan. 926, 937, 974 P.2d 112, 121 (1999). The elements for invasion of privacy by false light are (1) publication to a third party; (2) false representation of the person; and (3) a representation which is highly offensive to a reasonable person. Castleberry v. Boeing Co., 880 F. Supp. 1435, 1442 (D. Kan. 1995). Defamation involves "(1) false and defamatory words; (2) communication to a third party; and (3) resulting harm to the reputation of the person defamed." Batt v. Globe Eng'g Co., 13 Kan. App.2d 500, 504, 774 P.2d 371, 375 (1989). Defamation and invasion of privacy are similar in most aspects, Rinsley v. Brandt, 700 F.2d 1304, 1307 (10th Cir. 1983), and courts often treat these actions claims similarly, Castleberry, 880 F. Supp. at 1442. The difference between invasion of privacy and defamation, however, is "that injury in privacy actions is mental distress from having been exposed to public view, while the injury in defamation actions is damage to reputation." Rinsley, 700 F.2d at 1307. The applicable statute of limitations in an invasion of privacy action is K.S.A. § 60-513(a)(4), which sets forth a two-year statute of limitations for torts involving injury to the rights of another.

Under the facts alleged, plaintiff probably could have brought claims for defamation or for invasion of privacy. As noted above, the difference lies in the injury sustained. See id. Plaintiff has alleged that he sustained "great pain, anguish, and grief of mind" as well as "severe emotional distress." Complaint (Doc. #1) at 4, 6. His alleged injuries are consistent with a cause of action for invasion of privacy, and the Court will not construe his claims as defamation claims in order to find that they are time-barred.

**II.     Invasion Of Privacy: Two-Year Statute Of Limitations Under K.S.A. § 60-513(a)(4)**

Defendant next argues that even if the two-year statute of limitations applies, plaintiff did not timely file his complaint. Plaintiff's complaint alleges that the events giving rise to his claims occurred on

October 17, 2002. Applying a two-year statute of limitations, the final day for filing suit would have been October 17, 2004. Plaintiff filed suit on October 18, 2004, two years and one day later.[3] The Court takes judicial notice, however, that October 17, 2004 fell on a Sunday. Under K.S.A. 2003 Supp. § 60-206(a), when the last day of a period falls on a Saturday, Sunday or legal holiday, the period runs "until the end of the next day which is not a Saturday, a Sunday or a legal holiday." Pursuant to this statute, plaintiff had until the end of the day on Monday, October 18, 2004, to file his claim. His claim is not barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that Defendant's Memorandum In Support Of Motion To Dismiss For Plaintiff's Failure To State A Claim (Doc. #8) filed March 28, 2005 be and hereby is **OVERRULED**.

Dated this 13th day of June, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[3] Kansas uses the "anniversary date" method to determine the last day to file an action. See State for Benefit of Quinn v. Johnson, 19 Kan. App. 2d 315, 322, 868 P.2d 555 (1994). Under this method, the time starts the day after the event which gives rise to the cause of action. Here, the two years started on October 18, 2002 and ran through October 17, 2004. Id.; see also Lowder v. Meyer, No. 91,110, 2004 WL 797564 (Kan. App. Mar. 26, 2004) (unpublished disposition).