DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**REV. LARRY B. WILLIAMS,**

        **Plaintiff,**

        **CIVIL ACTION**

**v.**

        **No: 04-2516-KHV-DJW**

**REGINALD E. McKAMIE, SR.,**

        **Defendant.**

## MEMORANDUM AND ORDER

A telephone hearing was held on October 5, 2005 regarding the following motions: (1) Defendant's "Motion to Dismiss for Plaintiff's Failure to Comply to Discovery, or in the Alternative, Motion to Modify Discovery Schedule and Reschedule Trial Date and Motion to Compel Discovery" (doc. 34); (2) Plaintiff's Motion to Quash Appearance of Plaintiff at Independent Medical Examination (doc. 30); and (3) Defendant's Motion for Sanctions (doc. 36) relating to Plaintiff's failure to make himself available for an Independent Medical Examination on September 16, 2005.

Plaintiff appeared through counsel Byron C. Loudon. Defendant, who is an attorney, appeared pro se. This Memorandum and Order will memorialize and supplement the Court's oral rulings.

I.  **Defendant's "Motion to Dismiss for Plaintiff's Failure to Comply to Discovery, or in the Alternative, Motion to Modify Discovery Schedule and Reschedule Trial Date and Motion to Compel Discovery" (doc. 34)**

   A.  **Defendant's Request for Order Compelling Discovery and for Dismissal**

The Court construes Defendant's motion as being filed pursuant to Federal Rule of Civil Procedure 37 and requesting, *inter alia*, an order compelling discovery. Rule 37(a)(2)(B) provides that when a party fails to answer an interrogatory or fails to respond to a request for production or inspection, the party serving the interrogatory or request may move for an order compelling an answer or inspection/production.[1] If the motion is granted, the Court may award sanctions in the form of ordering the non-responding party to pay the moving party the reasonable attorney fees and expenses it incurred in bringing the motion.[2]

Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action. Similarly, D. Kan. Rule 37.2 provides that "[t]he Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[3] A "reasonable effort to confer" means more than mailing, telefaxing, or e-mailing correspondence to the opposing party; "[i]t

---

[1] Fed. R. Civ. P. 37(a)(2)(B).

[2] Fed. R. Civ. P. 37(a)(4)(A).

[3] D. Kan. Rule 37.2.

requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[4]

Here, Defendant did not attach a separate certificate of compliance to his motion. Defendant does, however, state in the motion that he sent "written communications to Plaintiff's counsel" in an attempt to resolve the issues relating to the outstanding discovery.[5] He attaches a copy of a September 6, 2005 letter to Plaintiff's counsel that states it is intended "to comply with the conference requirements of the Federal Rules of Civil Procedure prior to filing a motion to compel and motion for continuance."[6]

Defendant does not indicate that he did anything more than send "written communications." There is nothing in the record showing that Defendant conversed, conferred, compared views, or deliberated with Plaintiff's counsel about the issues set forth in Defendant's motion to compel. Nor is there anything in the record demonstrating that Defendant made a good faith attempt to do so. Moreover, based on the information provided at the telephone hearing, it is clear that Plaintiff's counsel and Defendant have not conversed, conferred, compared views, or deliberated with respect to the motion to compel.

In light of the above, the Court finds that Defendant has failed to satisfy his duty to confer under Federal Rule of Civil Procedure 37(a) and D. Kan. Rule 37.2. The Court will therefore deny Defendant's motion to the extent he seeks an order directing Plaintiff to fully respond to his interrogatories and requests for production and to sign various records releases.

---

[4] *Id. Accord Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County* and Kan. City, Kan., 192 F.R.D. 698, 700 (D. Kan. 2000).

[5] Def.'s Mot. (doc. 34) at p. 19.

[6] Ex. E. attached to Def.s' Mot. (doc. 34).

3

Said denial shall be *without prejudice* to Defendant filing an amended motion to compel after the parties have conferred or made a reasonable effort to confer in accordance with the above-cited rules. Defendant and counsel for Plaintiff are directed to confer on **October 7, 2005 at 11:00 a.m.** If, after making a reasonable effort to confer, the parties are unable to resolve the issues raised in Defendant's motion to compel, Defendant may file an amended motion to compel. Any amended motion to compel shall be filed by **October 12, 2005.** Plaintiff's response thereto shall be filed by **October 17, 2005.**

As the Court is denying the motion to compel, the Court will also deny Defendant's request for sanctions, i.e., that the Court dismiss the lawsuit.[7]

### B.   Defendant's Request to Amend the Scheduling Order (doc. 34)

In addition to moving to compel discovery, Defendant moves to amend the Scheduling Order entered on April 15, 2005[8] and to extend discovery and continue the trial. Discovery is currently scheduled to end on October 31, 2005. The case is set for a pretrial conference on November 16, 2005, and the case is on the April 4, 2004 trial docket.

The Scheduling Order states that it "shall not be modified except by leave of court upon a showing of good cause."[9] The Court does not find that good cause exists to amend the Scheduling Order. Defendant's request to modify the Scheduling Order is therefore denied.

---

[7] The Court notes that the sanction of dismissal sought by Defendant is not allowed under Fed. R. Civ. P. 37(a)(4). That rule provides for sanctions only when the motion to compel is granted in full or in part. And then, the only sanction imposed is an award of the reasonable fees and expenses that the moving party incurred in connection with the filing of the motion to compel. Rule 37(a)(4) does not provide for the sanction of dismissal.

[8] *See* Sched. Order (doc. 12).

[9] *Id.* at p. 9.

**II.     Plaintiff's Motion to Quash Appearance at Independent Medical Examination (doc. 30) and Defendant's Motion for Sanctions Relating to Failure to Appear for Independent Medical Examination (doc. 36)**

   **A.     Plaintiff's Motion to Quash Appearance of Plaintiff at Medical Examination (doc. 30)**

Plaintiff moves to quash the Independent Medical Examination ("IME") of Plaintiff and requests that Plaintiff be relieved of the obligation to appear for the IME. Plaintiff states that on September 7, 2005, Defendant gave notice that he intended to have Plaintiff undergo an IME on September 16, 2005. Plaintiff asserts that the request for IME was untimely, as the Scheduling Order provided that the deadline for conducting any physical or mental examinations was August 31, 2005.[10] Defendant responds that Plaintiff is mistaken about the deadline for conducting the IME. Defendant explains that the Court extended the deadline from August 31, 2005 to September 30, 2005.[11]

As a threshold matter, the Court notes that the duty to confer addressed above in connection with Defendant's motion to compel also applies to this motion, which is brought pursuant to Federal Rule of Civil Procedure 35. As set forth above, D. Kan Rule 37.2 states that the Court will not entertain any motion to resolve a discovery dispute "pursuant to Fed. R. Civ. P. 26 through 37" unless the parties have conferred or made a reasonable effort to confer concerning the matter in dispute prior to the filing of the motion. Here, Plaintiff has provided no certification of compliance or other information indicating that his counsel conferred with Defendant regarding the IME.

---

[10] *See id.*, ¶ 2.h.

[11] *See* Minute Sheet for telephone conference held on August 12, 2005 (doc. 24).

Normally, this failure to confer would result in the Court declining to rule on the motion. However, in this particular instance, the Court finds the motion to be moot, as there was no agreement regarding the IME and no order directing Plaintiff to appear for an IME.

Certain conditions must be met in order for an IME to take place. Federal Rule of Civil Procedure 35 requires that the party requesting the IME file a motion for an order directing the party to undergo a physical or mental examination. Rule 35 states:

> [T]he court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.[12]

Thus, if the parties do not agree as to the need for an IME and/or are unable to agree as to the specifics of the IME, the party seeking the IME must file a motion pursuant to Rule 35 requesting an order allowing the IME to proceed. This procedure is set forth in the Scheduling Order entered in this case. Paragraph 2.h. of the Scheduling Order provides: "If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline."[13]

Here, there was no agreement as to when any IME would take place or the other specifics regarding the examination. Consequently, Defendant was required to file a motion for an order requiring the IME and to obtain such an order. As Defendant never filed such a motion and no order for IME was

---

[12]Fed. R. Civ. P. 35(a).

[13]*See* Sched. Order (doc. 12), ¶ 2.h.

6

ever entered, there was no IME to be quashed.  Plaintiff's motion to quash is therefore moot, and will be denied as such.

### B.  Defendant's Motion for Sanctions (doc. 36)

Defendant has filed a separate motion requesting that Plaintiff be sanctioned for his failure to appear for the IME.  The motion for sanctions will be denied, as there was never any agreement or order requiring Plaintiff to appear for an IME on September 16, 2005.

**IT IS THEREFORE ORDERED** that Defendant's Motion (doc. 34), to the extent it seeks to compel discovery, is denied *without prejudice*.

**IT IS FURTHER ORDERED** that Plaintiff's counsel and Defendant shall confer on **October 7, 2005 at 11:00 a.m.**  If, after making a reasonable effort to confer, the parties are unable to resolve the issues raised in Defendant's motion to compel, Defendant may file an amended motion to compel, which shall be filed by **October 12, 2005.**  Plaintiff shall respond to any amended motion to compel by **October 17, 2005.**

**IT IS FURTHER ORDERED** that Defendant's Motion (doc. 34), to the extent it seeks to amend the Scheduling Order, is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion (doc. 34), to the extent it requests that this action be dismissed as a sanction against Plaintiff, is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Appearance of Plaintiff at Independent Medical Examination (doc. 30) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (doc. 36) relating to Plaintiff's failure to appear for an Independent Medical Examination is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of October 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties