## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| REV. LARRY B. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 04-2516-KHV |
| REGINALD E. McKAMIE, SR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion For Interlocutory Appeal (Doc. #29) filed September 12, 2005. Defendant moves the Court to certify an immediate appeal of its Memorandum and Order dated June 13, 2005 (Doc. #17), which overruled defendant's motion to dismiss. For reasons set forth below, the Court overrules defendant's motion.

### Legal Standards

Pursuant to 28 U.S.C. § 1291, the court of appeals may hear appeals from all final decisions of the district courts of the United States. An interlocutory order may be certified for appeal when the district judge is of the opinion that (1) such order involves a controlling question of law, (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation, and (3) a substantial ground for difference of opinion exists with respect to the question of law. 28 U.S.C. § 1292(b).

### Factual Background

The Court incorporates the factual background set forth in its Memorandum And Order

(Doc. #17) filed June 13, 2005.  Briefly summarized, plaintiff alleges publication of a letter written by defendant which placed him in a false light.  Defendant, *pro se*, filed a motion to dismiss which the Court denied.  See Memorandum And Order (Doc. #17).  Defendant now seeks to file an interlocutory appeal of that order.

### Analysis

Defendant argues that the Court's ruling is contrary to Meyer Land & Cattle Co. v. Lincoln County, 29 Kan. App.2d 746, 31 P.3d 970 (Kan. App. 2001), and that the Court should have found that plaintiff's claim is essentially a claim for defamation and that as such, it is barred by the one-year statute of limitations.  Plaintiff objects to certification of the appeal on the following bases: (1) the Court's ruling of June 13, 2005 does not constitute a final decision; (2) 28 U.S.C. § 1292(a) does not authorize interlocutory appeals; (3) defendant's motion is untimely under 28 U.S.C. § 1292(b) because the Court did not certify an interlocutory appeal and plaintiff did not seek an amended order which included certification within ten days after the Court filed its order; and (4) denial of a motion to dismiss is not an appealable interlocutory order.

Obviously, the Court's order of June 13, 2005 is not a final judgment.  Defendant offers no statutory basis for his motion for interlocutory appeal.  His sole argument for certifying the appeal is that this Court ruled contrary to Kansas law.  Defendant does not argue that his appeal is appropriate under 28 U.S.C. § 1292(b), and the Court holds that it is not.  The Court cannot find that substantial ground for difference of opinion exists with respect to the question of law involved in defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion For Interlocutory Appeal</u>

(Doc. #29) filed September 12, 2005 be and hereby is **OVERRULED**.

Dated this 6th day of October, 2005 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge